**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARIANO VICTOR MERINO-
GARCIA,

      Defendant-Appellant.

No. 07-2164
(D. New Mexico)
(D.C. No. 06-CR-2267 JAP)

---

**ORDER AND JUDGMENT**[*]

---

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and
**BRORBY**, Senior Circuit Judge.

---

On August 2, 2006, United States Border Patrol agents found Mariano Victor

Merino-Garcia (hereinafter referred to as the defendant) and 24 other illegal aliens in a

remote desert area about 30 miles west of Columbus, New Mexico. Based thereon the

defendant was charged in a one-count indictment filed in the United States District Court

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    The parties waived oral argument, and this panel has determined unanimously that
oral argument would not materially assist the determination of this appeal. See Fed. R.
App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument.

for the district of New Mexico with illegal re-entry into the United States as a previously deported alien, and while the Order of Deportation was still outstanding, in violation of 8 U.S.C. §§ 1326(a)(1) and (b). On January 9, 2007, the defendant pled guilty to that charge. The presentence report (PSR) set defendant's base offense level at 8 levels, and then, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), raised that level by 16 additional levels, i.e., to 24, because he had been previously convicted in 1994 in a state court in New Jersey of aggravated assault, a felony, and was sentenced to imprisonment for five years. However, in this regard we would note that he had been released from custody on November 28, 1995, and deported to Mexico. The PSR then reduced defendant's offense level from 24 to 21 for his acceptance of responsibility. The defendant's criminal history category was set at II, resulting in a guideline range of imprisonment of 41 to 51 months. The PSR found no "circumstances" that would warrant a departure, be it upward or downward, from the guideline range. The defendant filed objections to the PSR, asserting, *inter alia*, that family ties and circumstances warranted a downward departure.

Prior to sentencing, the defendant filed a motion for a downward departure from the recommended guideline range, and the imposition of a "reasonable" sentence as required by *United States v. Booker*, 543 US 220 (2005). In so doing, counsel suggested a sentence of 21-24 months. The United States filed a response to that motion in which it objected to any downward departure or variance from the recommended guideline range.

At sentencing, the district court, after hearing from defendant's counsel as well as from the defendant personally, stated that after taking all matters into consideration,

including 18 U.S.C. §3553(a), an appropriate and reasonable sentence would be at the low end of the guideline range, i.e. 41 months. Accordingly, the district court sentenced defendant to 41 months imprisonment, followed by three years supervised release.

On appeal, counsel frames the one issue raised in this appeal as follows: "Whether the sentence imposed was unreasonable." In her brief, counsel argues that in sentencing defendant to imprisonment for 41 months the district court failed to consider the mitigating circumstances surrounding his conviction in 1994 in New Jersey for aggravated assault and defendant's family ties and circumstances. We are not persuaded and therefore affirm.

As stated, the guideline range was imprisonment for 41 months to 51 months and the district court imposed a sentence of imprisonment of 41 months, the low end of the guideline range. The sentence being within the properly calculated guideline range, it is well established that such sentence is "presumed" to be reasonable as required by 18 U.S.C. §3553(a). *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Such being the case, a defendant thereafter has the burden of showing that the sentence, even though within the guideline range, was "unreasonable" under 18 U.S.C. §3553(a). *Id.* In his effort to do so, the defendant claims, in his brief in this Court, that 41 months imprisonment was "unreasonable," and that, because of "mitigating circumstances" surrounding his prior conviction in New Jersey, such did not warrant a 16 level increase in his offense level and thus a downward departure or variance from the guideline range was proper. Alternatively, counsel argues that because of this "family ties and

responsibilities" the defendant should have been granted a variance from the guideline range.

The defendant in the proceeding in New Jersey pled guilty to the felony crime of aggravated assault. In that connection the record indicates that in a "street fight" the defendant pulled a knife and inflicted serious bodily injury on another. Counsel suggests, however, that there were "mitigating circumstances" and at sentencing went so far as to state that defendant was in reality acting in "self defense." Be all that as it may, the fact of the matter is that the defendant pled guilty to "aggravated assault," classified under New Jersey law as a "felony," for which he was sentenced to imprisonment for five years. Under those circumstances, we find no error on the part of the district court in accepting the PSR recommendation that defendant's offense level be raised by 16 levels based on his New Jersey conviction.

Alternatively, counsel argues that the district court erred in not granting a downward "variance" based on defendant's family ties and circumstances. In that regard, the record indicated quite clearly that the defendant only returned to the United States to find a job to support his father, mother, blind sister, his wife, and newborn child living in Mexico. We note that such is the typical reason given by many persons convicted of illegal reentry from Mexico into the United States, i.e. they returned to the United States to find employment and send support to relatives in Mexico. In this general regard, we note that U.S.S.G. §5H1.6 provides as follows:

> In sentencing a defendant convicted of an offense other than

an offense described in the following paragraph [offense
involving a minor victim], family ties and responsibilities are
not ordinarily relevant in determining whether a departure
may be warranted.

The foregoing guideline applies in connection with a "departure" from the
guideline range, but the same reasoning would apply to a request for a "variance" from
the guideline range.

In any event, we find that the district court considered the §3553(a) factors and
did not err in declining to grant a variance from the guideline range because of
defendant's family obligations.

Judgment affirmed.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge